UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Julia Hyman, Individually; Julia Hyman as Parent and Legal Guardian of J. H.; and J. H., Individually<br>  Plaintiff,<br><br>v.<br><br>Berkeley County; Berkeley County Sheriff's Department; Whitesville Rural Fire Department; Whitesville Rural Fire Department, Station 1; South Carolina Highway Patrol; South Carolina Department of Public Safety; Officer John Pittman, Individually and in his official capacity of the Berkeley County Sheriff's Department; James Sienathe, Individually and in his official capacity of the Berkeley County Sheriff's Department; Sergeant Nathan Rollins, Individually and in his official capacity of the Berkeley County Sheriff's Department; Michael Stephenson Individually and in his official capacity of the Whitesville Rural Fire Department, Station 1; Matthew Gaskins, Individually and in his official capacity of the Whitesville Rural Fire Department, Station 1; Paul Yacobozzi Individually and in his official capacity of the South Carolina Highway Patrol and/or Whitesville Rural Fire Department, Station 1;<br>  Defendants. | CASE NO.: 2:15-CV-2029-DCN-BM<br><br><br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

### JURISDICTION AND PARTIES

1. This suit is brought and jurisdiction lies pursuant to Title 42, United States Code, Sections 1983 and 1988 and the Fourth and Fourteenth Amendments of the Constitution of the United States. The Court has subject matter jurisdiction of this action under Title 28, United States Code, and Section 1331 as it arises under the Constitution and laws of

1

the United States and under Section 1343 of Title 28 as it seeks to redress civil-rights violations. Plaintiffs also bring state-law claims arising out of the same events and occurrences, and the Court may exercise subject-matter jurisdiction over these claims pursuant to Section 1367 of Title 28, Unites States Code, Section 1391(b) because all of the Defendants reside in the District of South Carolina and the events giving rise to the action occurred in this District.

2. Plaintiffs, Julia Hyman, Individually, Julia Hyman as Parent and Legal Guardian of J. H. and J. H., Individually, are citizens and residents of the State of South Carolina, and reside in Berkeley County, South Carolina.

3. Defendants, Berkeley County; Berkeley County Sheriff's Department; Whitesville Rural Fire Department; Whitesville Rural Fire Department, Station 1; South Carolina Department of Public Safety; and South Carolina Highway Patrol a division of the South Carolina Department of Public Safety, are upon information and belief, governmental entities within the meaning of the South Carolina Tort Claims Act, and are organized and doing business in Berkeley County, State of South Carolina.

4. Defendant Officer John Pittman (hereinafter "Pittman"), upon information and belief, is an officer in the Berkeley County Sheriff's Department who in his individual and official capacities, participated in the arrest and confinement of Plaintiffs Julia Hyman and J. H. and under color of law violated the clearly established constitutionally protected rights of Plaintiffs.

5. Defendant Officer James Sienathe (hereinafter "Sienathe"), upon information and belief, is an officer in the Berkeley County Sheriff's Department who in his individual and official capacities, participated in the arrest and confinement of Plaintiffs Julia Hyman

and J. H. and under color of law violated the clearly established constitutionally protected rights of Plaintiffs.

6. Defendant Sergeant Nathan Rollins (hereinafter "Rollins"), upon information and belief, is an officer in the Berkeley County Sheriff's Department who in his individual and official capacities, participated in the arrest and confinement of Plaintiffs Julia Hyman and J. H. and under color of law violated the clearly established constitutionally protected rights of Plaintiffs.

7. Defendant Michael Stephenson (hereinafter "Stephenson"), upon information and belief, is a fire fighter in the Whitesville Rural Fire Department, Station 1 who in his individual and official capacities, participated in the arrest and confinement of Plaintiffs Julia Hyman and J. H. and under color of law violated the clearly established constitutionally protected rights of Plaintiffs.

8. Defendant Matthew Gaskins (hereinafter "Gaskins"), upon information and belief, is a fire fighter in the Whitesville Rural Fire Department, Station 1 who in his individual and official capacities, participated in the arrest and confinement of Plaintiffs Julia Hyman and J. H. and under color of law violated the clearly established constitutionally protected rights of Plaintiffs.

9. Defendant Officer Paul Yacobozzi (hereinafter "Yacobozzi"), upon information and belief, is an officer in the South Carolina Department of Public Safety; and South Carolina Highway Patrol a division of the South Carolina Department of Public Safety and is a volunteer fire fighter in the Whitesville Rural Fire Department, Station 1, who in his individual and official capacities, participated in the arrest and confinement of

Plaintiffs Julia Hyman and J. H. and under color of law violated the clearly established constitutionally protected rights of Plaintiffs.

10. All violations of the Plaintiffs established constitutionally protected rights alleged herein were committed within the State of South Carolina.

11. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

12. This action is brought pursuant to the common law of the State of South Carolina and S.C. Code Ann. § 15-78-10 to 15-78-190, commonly referred to as the South Carolina Tort Claims Act, to recover for personal injuries sustained by the Plaintiff.

13. This claim is also brought to remedy Civil Rights violations, as described under 42 USC § 1983.

## FACTUAL BASIS OF CLAIM

14. The Plaintiff repeats and re-alleges all of the above paragraphs and all subsequent paragraphs as if each were set forth herein verbatim.

15. On or about May 16, 2014, there was a car wreck which resulted in an overturned vehicle near the Plaintiffs' residence around 9:00 p.m.

16. Plaintiffs called 911 and reported the car wreck. As the Plaintiffs hung up with the 911 operator, Defendant Michael Stephenson arrived on the scene for the Defendant Whitesville Rural Fire Department, Station 1.

17. Plaintiff J. H., a minor, explained what happened to Defendant Stephenson and that the Plaintiff was a Junior Firefighter. Defendant Stephenson asked the Plaintiff to divert traffic to keep the area open for emergency vehicles.

18. Defendant Pittman, with the Berkeley County Sheriff's Department, arrived in an unmarked white vehicle, approached the scene at a high rate of speed, and fish-tailed as he stopped on the gravel, almost hitting the Plaintiffs.

19. As Defendant Pittman exited his vehicle, he screamed at the Plaintiffs to "get the fuck out of the road!"

20. Plaintiffs began to exit the road when Defendant Pittman again screamed at the Plaintiffs and told them that if they "do not get out of the fucking road, I am going to arrest you."

21. Plaintiffs entered their property and continued watching the emergency response teams.

22. Defendant Pittman followed the Plaintiffs onto their property and continued screaming in their faces to get off the road.

23. Plaintiff Julia Hyman went to protect herself by wrapping her arms around herself as she was recovering from breast surgery which occurred on May 5, 2014.  Defendant Pittman slapped the Plaintiffs arms away and then aggressively threw Plaintiff Julia Hyman to the ground and hand cuffed her.

24. Plaintiff Julia Hyman cried out in pain and tried to explain her situation, but Defendant Pittman continued screaming at her to "shut the fuck up" and that he did not "give a fuck" about her pain.

25. Plaintiff J. H. ran up to Defendant Pittman and tried to explain that Plaintiff Julia Hyman had just had surgery.  Defendant Pittman pushed Plaintiff Julia Hyman's face into the ground and screamed at her to lay there and shut up.

26. Defendant Pittman charged after Plaintiff J. H., and along with Defendant James Sienathe of the Berkeley County Sheriff's Department, began beating Plaintiff J. H. with a metal baton.

27. Plaintiff Julia Hyman witnessed Defendant Stephenson, Defendant Matthew Gaskins with the Whitesville Rural Fire Department, Station 1, and Defendant Nathan Rollins with the Berkeley County Sheriff's Department leave the scene of the accident and assist Defendant Pittman in beating Plaintiff J. H..

28. Once Defendant Pittman and Defendant Sienathe restrained Plaintiff J. H. they continued to beat him with metal batons.

29. Plaintiff Julia Hyman tried to protect her son by lying across him to stop the force of the batons.  By doing so Plaintiff Julia Hyman was hit by the batons and Defendant Stephenson elbowed Plaintiff Julia Hyman in the eye in order to remove her.

30. Defendants Pittman and Sienathe dragged Plaintiff J. H. to Defendant Pittman's cruiser while continuously beating him with the batons.

31. Once Plaintiff J. H. was in the cruiser Defendants Pittman, Sienathe and Rollins continued to verbally and physically assault Plaintiff J. H..

32. Defendant Pittman appointed Officer Mortan and another female office to stand over Plaintiff Julia Hyman.

33. Plaintiff Julia Hyman tried to explain to the officers that she suffered from anxiety and when her blood pressure gets to high she passes out. Plaintiff Julia Hyman passed out. The female officer gave the Plaintiff a sternum rub to bring her around.  After waking up, Plaintiff heard the female officer tell Officer Morton that she was just faking it.

34. Plaintiff Julia Hyman continued to be verbally assaulted by Officer Morton.

35. Officer Morton moved away from the Plaintiff to allow Defendant Paul Yacobozzi, with the South Carolina Department of Public Safety; and South Carolina Highway Patrol a

division of the South Carolina Department of Public Safety and a volunteer firefighter with the Whitesville Rural Fire Department, to stand in front of the Plaintiff.

36. Defendant Yacobozzi proceeded to verbally threaten the Plaintiff saying that she was going to know who he was and she would remember it.

37. Defendant Pittman instructed to other officers to transport Plaintiff Julia Hyman to the Hill Finklea Detention Center.

38. Defendant Pittman transported Plaintiff J. H. to the Juvenile Detention Center.

39. The deficiencies in the policies in place at the Berkeley County Sheriff's Department have resulted in Defendants Pittman, Sienathe, and Rollins violating the Plaintiffs constitutionally protected rights.

40. The deficiencies in the policies in place at the Whitesville Rural Fire Department have resulted in Defendants Stephenson, Gaskins and Yacobozzi violating the Plaintiffs constitutionally protected rights.

41. The deficiencies in the policies in place at the Whitesville Rural Fire Department, Station 1 have resulted in Defendants Stephenson, Gaskins and Yacobozzi violating the Plaintiffs constitutionally protected rights.

42. The deficiencies in the policies in place at the South Carolina Department of Public Safety; and South Carolina Highway Patrol a division of the South Carolina Department of Public Safety Patrol have resulted in Defendant Yacobozzi violating the Plaintiffs constitutionally protected rights.

43. As a direct and proximate result of the Defendants' misconduct, the Plaintiffs suffered actual damages, including, but not limited to, deprivation of their liberty, injury to their

reputation, public embarrassment and humiliation, loss of freedom, mental anguish, emotional distress and attorney fees. These injuries are serious and ongoing.

44. The Plaintiffs are informed and believe that they are entitled to actual and punitive damages in an amount to be determined at trial.

**FOR A FIRST CAUSE OF ACTION**
**(Deprivation of Constitutional Rights, Pursuant to 42 USC § 1983)**

45. The Plaintiffs repeat and re-allege all of the above paragraphs and all subsequent paragraphs as if each were set forth herein verbatim.

46. The Plaintiffs had, at the time of the violations alleged herein, clearly established rights under the United States Constitution and the South Carolina Constitution which states that "the right of the people to be secure in their persons, … papers, and effects, against unreasonable searches and seizures, shall not be violated" (U.S.Const. amend. IV), and the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law" (id. at amend. XIV).

47. Defendant Berkeley County, Berkeley County Sheriff's Department, Whitesville Rural Fire Department, Whitesville Rural Fire Department, Station 1, South Carolina Department of Public Safety; and South Carolina Highway Patrol a division of the South Carolina Department of Public Safety are liable for the violations of Plaintiffs' Fourth and Fourteenth Amendment rights because their policies, practices and/or customs amounted to deliberate indifference to the Plaintiff's Fourth and Fourteenth Amendment rights and directly caused the deprivations of Plaintiffs' Fourth and Fourteenth Amendment rights.

48. Defendant Berkeley County, Berkeley County Sheriff's Department, Whitesville Rural Fire Department, Whitesville Rural Fire Department, Station 1, South Carolina

8

Department of Public Safety; and South Carolina Highway Patrol a division of the South Carolina Department of Public Safety failed to train and/or supervise its Officers and Principals; their failure to train and/or supervise amounted to deliberate indifference to the Plaintiff's Fourth and Fourteenth Amendment rights and directly caused the deprivation of Plaintiffs' Fourth and Fourteenth Amendment rights. The Defendants failed to properly exercise the appropriate use of physical force during searches, seizures and arrests at the scene of a traffic accident.

49. Berkeley County, Berkeley County Sheriff's Department, Whitesville Rural Fire Department, Whitesville Rural Fire Department, Station 1, South Carolina Department of Public Safety; and South Carolina Highway Patrol a division of the South Carolina Department of Public Safety's failure to take remedial action in response to complaints about constitutional violations perpetrated by its police officers and firefighters evidences its inadequate training and supervision and constitutes a pattern of Fourth and Fourteenth Amendment violations in its jurisdiction that amounts to deliberate indifference to the Plaintiff's Fourth and Fourteenth Amendment rights and directly caused the deprivation of Plaintiffs' Fourth and Fourteenth Amendment rights.

50. Defendants Pittman, Sienathe, Rollins, Stephenson, Gaskins, and Yacobozzi, acting in their individual and official capacities, acted jointly and pursuant to a common plan to arrest and detain Plaintiffs Julia Hyman and J. H. without probable cause or reasonable suspicion on wrongful activity on Plaintiffs part or danger to any person. They acted under color of law and directly and proximately caused the deprivation of Plaintiffs' constitutional rights by planning, ordering, orchestrating, and/or executing the arrest and detainment of Plaintiffs Julia Hyman and J. H..

9

51. Defendants Pittman, Sienathe, Rollins, Stephenson, Gaskins, and Yacobozzi, acting in their individual and official capacities, made final decisions that were undertaken with malice, or in reckless, callous, or with willful disregard for, and indifference to Plaintiffs' Fourth and Fourteenth Amendment rights. The Defendants failed to properly carry out the adopted policies and procedures of the police department and the fire department. Such policies and procedures were deficient and failed to perfect protection for individual rights. Deprivation of civil rights is a constitutional violation of the Plaintiffs' rights.

52. The Defendants acted with reckless or callous indifference to state and federally protected rights of the Plaintiffs. They acted jointly and pursuant to a common plan to wrongfully detain Plaintiffs Julia Hyman and J. H. without probable cause or reasonable suspicion of wrongful activity.

53. Defendants' conduct deprived the Plaintiffs of their Fourth and Fourteenth Amendment rights and Plaintiffs' right to be free from unreasonable searches and seizures.

54. The Defendants' misconduct as set forth above occurred under color of law and caused the Plaintiffs to be deprived of their rights, privileges and immunities secured by the United States Constitution, South Carolina laws and laws of the United States.

55. The acts and omissions of Defendants were undertaken with malice, or in reckless, callous, or willful disregard for, and indifference to, Plaintiffs' Constitutional Rights.

56. Berkeley County, Berkeley County Sheriff's Department, Whitesville Rural Fire Department, Whitesville Rural Fire Department, Station 1, South Carolina Department of Public Safety; and South Carolina Highway Patrol a division of the South Carolina Department of Public Safety's policy of inadequate training and supervision of its employees, including Defendants Pittman, Sienathe, Rollins, Stephenson, Gaskins, and

Yacobozzi, amounted to deliberate indifference to Plaintiff's Fourth and Fourteenth Amendment rights and directly and proximately caused the deprivation of Plaintiffs' Fourth and Fourteenth Amendment rights and their damages.

57. As a direct and proximate result of the Defendants' misconduct, the Plaintiffs suffered actual damages, including, but not limited to, deprivation of their liberty, injury to their reputation, public embarrassment and humiliation, loss of freedom, mental anguish, emotional distress and attorney fees. These injuries are serious and ongoing.

58. The Plaintiffs are informed and believe that they are entitled to actual and punitive damages in an amount to be determined at trial.

## FOR A SECOND CAUSE OF ACTION
### (False Arrest and Confinement – 42 USC §1983)

59. The Plaintiffs repeat and re-allege all of the above paragraphs and all subsequent paragraphs as if each were set forth herein verbatim.

60. Defendants acted negligently, willfully, wantonly, and/or in reckless disregard for the Plaintiffs' constitutionally protected rights under the Fourth and Fourteenth Amendments of the United States Constitution and the South Carolina Code of Laws 16-5-60, as amended, and placed Plaintiffs under arrest.

61. Defendants acts and omissions were done under the color of State and Municipal law and were in violation of Plaintiffs' constitutionally protected rights under the Fourth and Fourteenth Amendments of the United States Constitution and the South Carolina Code of Laws 16-5-60, as amended.

62. Defendants Berkeley County, Berkeley County Sheriff's Department, Whitesville Rural Fire Department, Whitesville Rural Fire Department, Station 1, South Carolina Department of Public Safety; and South Carolina Highway Patrol a division of the South

Carolina Department of Public Safety are liable for the violations of Plaintiffs' Fourth and Fourteenth Amendment rights because their policies, practices and/or customs amounted to deliberate indifferences to the Plaintiff's Fourth and Fourteenth Amendment rights and directly caused the deprivations of Plaintiffs' Fourth and Fourteenth Amendment rights.

63. Defendant Berkeley County, Berkeley County Sheriff's Department, Whitesville Rural Fire Department, Whitesville Rural Fire Department, Station 1, South Carolina Department of Public Safety; and South Carolina Highway Patrol a division of the South Carolina Department of Public Safety failed to train and/or supervise officers and firefighters. Their failure to train and/or supervise amounted to deliberate indifferences to the Plaintiff's Fourth and Fourteenth Amendment rights and directly caused the deprivations of Plaintiffs' Fourth and Fourteenth Amendment rights.

64. Berkeley County, Berkeley County Sheriff's Department, Whitesville Rural Fire Department, Whitesville Rural Fire Department, Station 1, South Carolina Department of Public Safety; and South Carolina Highway Patrol a division of the South Carolina Department of Public Safety's failure to take remedial action in response to complaints about constitutional violations perpetrated by its police officers evidences its inadequate training and supervision and constitutes a pattern of Fourth and Fourteenth Amendment violations in its jurisdiction that amounts to deliberate indifferences to the Plaintiff's Fourth and Fourteenth Amendment rights and directly caused the deprivations of Plaintiffs' Fourth and Fourteenth Amendment rights.

65. Defendants Pittman, Sienathe, Rollins, Stephenson, Gaskins, and Yacobozzi, acting in their individual and official capacities, acted jointly and pursuant to a common plan to

arrest and detain Plaintiffs Julia Hyman and J. H. without probable cause or reasonable suspicion on wrongful activity on Plaintiffs part or danger to any person. They acted under color of law and directly and proximately caused the deprivation of Plaintiffs' constitutional rights by planning, ordering, orchestrating, and/or executing the arrest and detainment of Plaintiffs Julia Hyman and J. H..

66. Defendants Pittman, Sienathe, Rollins, Stephenson, Gaskins, and Yacobozzi, acting in their individual and official capacities, made final decisions that were undertaken with malice, or in reckless, callous, or with willful disregard for, and indifference to Plaintiffs' Fourth and Fourteenth Amendment rights. The Defendants failed to properly carry out the adopted policies and procedures of the police department and the fire department. Such policies and procedures were deficient and failed to perfect protection for individual rights. Deprivation of civil rights is a constitutional violation of the Plaintiffs' rights.

67. The Defendants acted with reckless or callous indifference to state and federally protected rights of the Plaintiffs. They acted jointly and pursuant to a common plan to wrongfully detain Plaintiffs Julia Hyman and J. H. without probable cause or reasonable suspicion of wrongful activity.

68. Defendants' conduct deprived the Plaintiffs of their Fourth and Fourteenth Amendment rights and Plaintiffs' right to be free from unreasonable searches and seizures.

69. The Defendants' misconduct as set forth above occurred under color of law and caused the Plaintiffs to be deprived of their rights, privileges and immunities secured by the United States Constitution, South Carolina laws and laws of the United States

70. Defendants knew or should have know that their acts and omissions were in violation of Plaintiffs' constitutionally protected rights under the Fourth and Fourteenth Amendments

13

of the Constitution and the South Carolina Code of Laws 16-5-60, as amended as there was no legitimate reason or purpose under state authority for which to detain, arrest, and subsequently confine the Plaintiffs and Defendants lacked probable cause to do so.

71. As a direct and proximate result of the Defendants' misconduct, the Plaintiffs suffered actual damages, including, but not limited to, deprivation of their liberty, injury to their reputation, public embarrassment and humiliation, loss of freedom, mental anguish, emotional distress and attorney fees. These injuries are serious and ongoing.

72. The Plaintiffs are informed and believe that they is entitled to actual and punitive damages in an amount to be determined at trial.

## FOR A THIRD CAUSE OF ACTION
### (Negligence and Gross Negligence)

73. The Plaintiffs repeat and re-allege all of the above paragraphs and all subsequent paragraphs as if each were set forth herein verbatim.

74. Defendants were negligent, grossly negligent, willful and wanton and reckless in the following particulars:

    a. In using excessive force to effectuate the arrest;

    b. In failing to follow proper procedure of detaining the Plaintiffs, including a minor;

    c. In failing to exhibit the warrant to the Plaintiffs or otherwise inform them of the charges as required by law;

    d. In failing to use the degree of care of an ordinary and reasonable person under the same or similar circumstances;

    e. In failing to protect the Plaintiffs by allowing and participating in the wrongful detainment, interrogation and by failing to notify the minor child's parents or obtain consent from the parents;

    f. In using extreme and harsh tactics and putting the Plaintiffs in reasonable fear of imminent bodily harm;

    g. In detaining the Plaintiffs, including a minor, while armed with loaded weapons thereby inflicting fear of imminent bodily harm upon the Plaintiffs.

    h. In denying Plaintiffs due process and depriving them of liberty and property in violation of due process and his civil rights, and in violation of 42 U.S.C. 1983 and of South Carolina Code Section 16-5-60.

    i. In failing to carry out the adopted policies and procedures of the Defendants;

    j. In failing to provide adequate training and supervision of its employee.

    k. In failing to maintain adequate policies and procedures to prevent violations of civil rights and constitutional protections.

75. Defendants were negligent, wanton, reckless and/or acted with deliberate indifference in the following particulars:

    a. Failure to adequately monitor and supervise the hiring practices of Defendants to insure that only qualified applicants were hired;

    b. Failure to institute and follow reasonable hiring practices to insure that only qualified applicants were hired;

    c. Failure to adequately monitor and supervise the training practices that Defendants followed with regard to personnel;

    d. Failure to adequately train personnel in public interaction, dispute resolution, and proper arrest procedure;

    e. Failure to supervise and correct actions of the Defendants, its personnel employees when they knew or should have known that a pattern of questionable and unconstitutional practices and behavior existed;

    f. In failing to carry out the adopted policies and procedures of the Defendants;

    g. In failing to provide adequate training and supervision of its employees, and

    h. In such other and further particulars as discovery will show.

76. As a direct and proximate result of the Defendants' misconduct, the Plaintiffs suffered actual damages, including, but not limited to, deprivation of their liberty, injury to their reputation, public embarrassment and humiliation, loss of freedom, mental anguish, emotional distress and attorney fees. These injuries are serious and ongoing.

77. The Plaintiffs are informed and believe that they is entitled to actual and punitive damages in an amount to be determined at trial.

## FOR A FIFTH CAUSE OF ACTION
### (Invasion of Privacy)

78. The Plaintiffs repeat and re-allege all of the above paragraphs and all subsequent paragraphs as if each were set forth herein verbatim.

79. The Plaintiffs have a common law right to privacy and a constitutional right to privacy pursuant to Article 1, section 10 of the South Carolina Constitution, which confers on Plaintiffs a right to be let alone and to be free from unreasonable intrusions.

80. The Defendants wrongfully, intentionally, substantially and unreasonably intruded into the private affairs of the Plaintiffs.

81. The Defendantsø intrusion as alleged hereinabove has resulted in injury and damage to the Plaintiffs.

82. As a direct and proximate result of the Defendantsø misconduct, the Plaintiffs suffered actual damages, including, but not limited to, deprivation of their liberty, injury to their reputation, public embarrassment and humiliation, loss of freedom, mental anguish, emotional distress and attorney fees. These injuries are serious and ongoing.

83. The Plaintiffs are informed and believes that they are entitled to actual and punitive damages in an amount to be determined at trial.

## FOR A SIXTH CAUSE OF ACTION
### (Grossly Negligent And Intentional Infliction Of Emotional Distress/Outrage)

84. Plaintiffs reiterate and reallege the allegation above as if fully set forth herein

16

85. The Defendants' extreme and harsh tactics utilized by the Defendants were excessive, extreme and outrageous beyond the bounds of what reasonable adults or children should endure and put the Plaintiffs in reasonable fear of imminent bodily harm.

86. The Defendants restraint of the Plaintiffs was intentional and unlawful. As a result, the Plaintiffs were deprived of their liberty without lawful jurisdiction

87. Defendants agreed to a common scheme to execute a false arrest of the Plaintiffs, knowing that its manner of execution would cause Plaintiffs' constitutional and commonlaw rights to be violated and Defendants acted pursuant to their common scheme, and thereby, violated Plaintiffs' rights.

88. The emotional distresses suffered by Plaintiffs were so severe that no reasonable person could be expected to endure it.

89. As a direct and proximate cause of the negligence of the Defendants, the Plaintiffs have suffered traumatic stress, pain and suffering, and the Defendants are liable for said damages.

**FOR A SEVENTH CAUSE OF ACTION**
**(Doctrine Of Necessities)**

90. The Plaintiffs reallege and reiterate the preceding paragraphs as if fully set forth herein verbatim.

91. The Plaintiff, Julia Hyman, as natural parent and guardian of Plaintiff J. H., provides necessaries, including medical expenses, for the minor Plaintiff, and as such, is the party in interest of any payment of medical bills.

92. As a direct and proximate result of the Defendants' negligence, the minor Plaintiff suffered an injury and was forced to undergo medical treatment and has had to endure

physical and mental pain and suffering resulting in the loss of enjoyment of life and the pain and suffering will continue to impair the Plaintiff.

93. By reason of the foregoing, the Plaintiffs have been damaged to the extent and in the sum to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for a judgment against the Defendants, jointly and severally, for actual and punitive damages, attorney fees and costs, and for such other and further relief as the Court may deem just and proper.

s/Brice E. Ricker
Brice E. Ricker, Esquire
Fed ID # : 12049
8086 Rivers Avenue, Ste. A
North Charleston, SC  29406
(843) 553-9800
Attorney for the Plaintiff

North Charleston, South Carolina
This 15th day of May, 2015.